1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CANESHA S. SINCLAIR,                    1:13-cv-00204-MJS (HC)

12            Petitioner,                    ORDER TRANSFERRING CASE TO THE
                                             UNITED STATES DISTRICT COURT FOR
13       v.                                  THE CENTRAL DISTRICT OF
                                             CALIFORNIA
14   D. K. JOHNSON, Warden,

15            Respondent.

16   _____/

17

18        Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action

19   pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant

20   to 28 U.S.C. § 1915.

21        The federal venue statute requires that a civil action, other than one based on diversity

22   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

23   defendants reside in the same state, (2) a judicial district in which a substantial part of the

24   events or omissions giving rise to the claim occurred, or a substantial part of the property that

25   is the subject of the action is situated, or  (3) a judicial district in which any defendant may be

26   found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  §

27   1391(b).

28        Venue for a habeas action is proper in either the district of confinement or the district

                                             -1-

of conviction. 28 U.S.C. § 2241(d). The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the  sentence is being executed be heard in the district of confinement.  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  In this case, the petitioner is challenging a conviction from Los Angeles County, which is in the Central District of California.  See 28 U.S.C. § 84(b). Therefore, the petition should have been filed in the United States District Court for the Central District of California. In the interest of justice, the petition will be transferred to the United States District Court for the Central District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:    February 11, 2013            /s/ *Michael J. Song*
                                      UNITED STATES MAGISTRATE JUDGE

-2-